# United States District Court
# District of Massachusetts

LOUIS TENE,
    Plaintiff,

v.     CIVIL ACTION NO. 13-10203-PBS

VASUDEV MANDYAM,
BETH ISRAEL DEACONESS
MEDICAL CENTER,
    Defendants.

*REPORT AND RECOMMENDATION ON DEFENDANTS VASUDEV MANDYAM, M.D. AND BETH ISRAEL DEACONESS MEDICAL CENTER'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1) FOR LACK OF JURISDICTION OVER THE SUBJECT MATTER AND 12(b)(6) FOR <u>FAILURE TO STATE A CLAIM (#7)</u>*

COLLINGS, U.S.M.J.

### *I. Background*

In his complaint, the plaintiff, Louis Tene, alleges that on October 23, 2012, Dr. Vasudev Mandyam disclosed the plaintiff's health information to an unknown third party. The plaintiff further contends that the hospital staff engaged in a cover-up to hide any potential privacy violation. Mr. Tene asserts that these actions violated the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996). The defendants have moved to dismiss the complaint for lack of subject matter jurisdiction and failure to state a claim.

### *II. Legal Standard*

If confronted "with motions to dismiss under both 12(b)(1) and 12(b)(6), a district court, absent good reason to do otherwise, should ordinarily decide the 12(b)(1) motion first." *Northeast Erectors Ass'n of the BTEA v. Sec'y Labor, Occupational Safety & Health Admin.*, 62 F.3d 37, 39 (1st Cir.1995) (citations omitted). Pursuant to Rule 12(b)(1), Fed. R. Civ. P., a defendant may move to dismiss an action based on lack of federal subject matter jurisdiction. Because federal courts are considered courts of limited jurisdiction, "[t]he existence of

subject-matter jurisdiction 'is never presumed.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005)(quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)). Rather, "'the party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir.) (quoting *Taber Partners, I v. Merit Builders, Inc.*, 987 F.2d 57, 60 (1st Cir.), *cert. denied*, 510 U.S. 823 (1993)), *cert. denied*, 515 U.S. 1144 (1995); *Johansen v. U.S.*, 506 F.3d 65, 68 (1 Cir., 2007). Once a defendant challenges the jurisdictional basis for a claim under Rule 12(b)(1), the plaintiff bears the burden of proving jurisdiction. *Thomson v. Gaskill*, 315 U.S. 442, 446 (1942); *Johansen*, 506 F.3d at 68.

In ruling on a motion to dismiss for lack of jurisdiction, it is incumbent upon the court to "'credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor.'" *Sanchez ex rel. D.R.-S. v. U.S.*, 671 F.3d 86, 92 (1st Cir. 2012)(quoting *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010)), *cert. denied*, 133 S.Ct. 1631 (2013); *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12-13 (1st Cir. 2011). That being said, a plaintiff cannot assert a proper jurisdictional basis "merely on 'unsupported conclusions or interpretations of law.'" *Murphy,* 45 F.3d at 522 (quoting *Washington Legal*

*Foundation v. Massachusetts Bar Foundation*, 993 F.2d 962, 971 (1st Cir. 1993); *Johansen*, 506 F.3d at 68.

### III. Discussion

The plaintiff seeks a remedy for alleged violations of HIPAA. Federal jurisdiction in this case turns on whether HIPAA provides the plaintiff with a private cause of action. The answer is that it does not. *See, e.g., Crawford v. City of Tampa*, 397 Fed. Appx. 621, 623 (11th Cir. 2010) ("[W]e agree that no private right of action exists under the Health Insurance Portability and Accountability Act."); *Miller v. Nichols,* 586 F.3d 53 (1st Cir. 2009), *cert. denied*, 130 S.Ct.1911 (2010) (refusing to create a private cause of action since one did not already exist for a HIPAA violation); *Webb v. Smart Document Solutions, LLC*, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no private right of action."); *Acara v. Banks*, 470 F.3d 569, 571 (5th Cir. 2006) ("Because HIPAA specifically delegates enforcement [to the Secretary of Health and Human Services], there is a strong indication that Congress intended to preclude private enforcement."). Therefore, this court lacks subject matter jurisdiction over the plaintiff's claims.

While the court applies lenient standards to *pro se* litigants' pleadings,

jurisdictional requirements must still be met. *See, e.g., Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997) ("[P]ro se status does not insulate a party from complying with procedural and substantive law."). Because there is no private cause of action for alleged HIPAA violations, even liberally construing the complaint the court is unable to read the plaintiff's allegations in such a way as to extend subject matter jurisdiction over the present case.[1]

## IV. Recommendation

Accordingly, I RECOMMEND that the defendants' motion to dismiss for lack of subject matter jurisdiction (#7) be ALLOWED and that Final Judgment enter dismissing the case.

## V. Review by the District Judge

The parties are hereby advised that any party who objects to these recommendations must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion

---

[1] While the plaintiff lacks a remedy in federal court, he is not without recourse. The Office of Civil Rights investigates alleged HIPAA violations and allows anyone to file a complaint. The plaintiff can find instructions for how to submit a HIPAA complaint to the OCR at the Department of Health and Human Services website, http://www.hhs.gov/ocr/privacy/hipaa/complaints/.

of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1st Cir. 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

*/s/ Robert B. Collings*
ROBERT B. COLLINGS
United States Magistrate Judge

June 6, 2013.